UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORMFACTOR, INC.,<br><br>            Plaintiff,<br><br>    v.<br><br>MR. PROBER TECHNOLOGY INC., et al.,<br><br>            Defendants. | Case No. 13-cv-03688-JD<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**<br><br>Re: Dkt. No. 91 |

In this copyright infringement action, plaintiff FormFactor, Inc. ("FormFactor") has moved for default judgment against defendants Mr. Prober Technology, Inc. ("Mr. Prober") and Dennis Huang. The Court grants the motion.

## BACKGROUND

This case involves the alleged infringement of FormFactor's copyrights in software that is "used to operate industrial semiconductor wafer prober inspection systems." Dkt. No. 91 at 1. These probers were built by Electroglas, Inc. and Electroglas International Inc. (together "Electroglas"), which filed for bankruptcy in July of 2009. First Amended Complaint ¶ 17. During a bankruptcy auction, FormFactor purchased Electroglas' intellectual property rights associated with its prober systems. *Id.* ¶ 18. FormFactor alleges that defendants Mr. Prober, Mr. Huang, MPT Equipment, Inc. ("MPT"), and Long Nim have infringed its prober copyrights. *Id.* ¶¶ 24-30. More specifically, FormFactor claims that Mr. Prober is "re-building, offering for sale, and selling" Electroglas probers and software, without a license or other authorization. *Id.* ¶ 24.

Mr. Prober is a Taiwanese corporation and Mr. Huang, a resident of Taiwan, is its chief executive. *Id.* ¶ 6. Mr. Huang is also a former employee of Electroglas. *Id.* ¶ 2. MPT is a California corporation with its principal place of business in San Jose, and is the "United States

subsidiary and/or affiliate of Mr. Prober." *Id.* ¶ 9. Mr. Nim is the founder of Mr. Prober and the president of MPT. *Id.* ¶¶ 6, 8. On June 3, 2014, MPT and Mr. Nim filed for bankruptcy. Dkt. No. 59. The proceedings against those parties are stayed, and this order does not pertain to them.

FormFactor filed the original complaint on August 8, 2013. Dkt. No. 1. Mr. Huang was added as a defendant in FormFactor's amended complaint, filed on June 10, 2014. Dkt. No. 63. Mr. Prober and Mr. Huang have failed to answer FormFactor's complaint or otherwise appear in this matter. The clerk of the court entered default against Mr. Prober on September 11, 2014, and against Mr. Huang on September 15, 2014. Dkt. Nos. 83-84. FormFactor filed this motion for default judgment on November 18, 2014. Defendants have not responded or appeared in any way.

## DISCUSSION

### I. JURISDICTION

In default judgment proceedings, the Court has an affirmative duty to consider whether it has jurisdiction over the subject matter and parties to the case. *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). Because this is a copyright infringement case, the Court has subject matter jurisdiction. 28 U.S.C. § 1338(a). The Court also has personal jurisdiction over Mr. Prober and Mr. Huang because Mr. Prober ships allegedly infringing products to MPT and other customers located in this district, and Mr. Huang has "personally engaged" in these infringing transactions. First Amended Complaint ¶ 1. In light of their business transactions in this district, defendants have sufficient minimum contacts with California for personal jurisdiction purposes. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). Service is proper because Mr. Prober and Mr. Huang were hand-delivered the amended complaint on August 15, 2014. *See* Dkt. Nos. 79-80.

### II. DEFAULT JUDGMENT

Under Federal Rule of Civil Procedure 55(b)(2), a party may apply to the Court for entry of judgment by default against a defendant that has failed to defend against the action. "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

The decision is based on these factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

### A.   The Merits of the Claim and the Sufficiency of the Complaint

The Court turns first to the main inquiries, namely the second and third *Eitel* factors. The merits of the claim and the sufficiency of the complaint are typically considered together because after the entry of default, well-pleaded allegations in the complaint are deemed true, except as to the amount of damages. *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

Taking the allegations in FormFactor's complaint as true, FormFactor states a claim for copyright infringement. A claim of copyright infringement requires that the plaintiff: (1) "must show ownership of the allegedly infringed material," and (2) "must demonstrate that the alleged infringers violate[d] at least one exclusive right granted to copyright holders under 17 U.S.C. § 106." *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1159 (9th Cir. 2007).

The complaint alleges that FormFactor is the owner of the copyrights at issue after buying the intellectual property at Electroglas's bankruptcy auction. First Amended Complaint ¶ 18. FormFactor claims that defendants have infringed these copyrights by re-building and selling Electroglas's probers without a license. *Id.* ¶ 24. Consequently, FormFactor has adequately stated a claim for copyright infringement.

### B.   The Remaining *Eitel* Factors

The other *Eitel* factors tend to favor entry of default judgment. FormFactor will be prejudiced if default judgment is not granted because FormFactor will have no means of adjudicating its claims, and will be unable to oppose defendants' conduct. Since defendants have not appeared, there is no indication that (i) their default is due to excusable neglect, (ii) the material facts are subject to dispute, or (iii) a decision on the merits will be possible. *See, e.g.*,

3

1  *J & J Sports Prods., Inc. v. Nguyen*, No. 11-CV-05441-LHK, 2012 WL 6599861, at *2 (N.D. Cal.
2  Dec. 17, 2012).

3    The amount of money at stake is substantial.  FormFactor seeks $1,670,510 in actual
4  damages, or alternatively, $450,000 in statutory damages, in addition to attorneys' fees, costs, and
5  post-judgment interest.  Dkt. No. 91 at 13.  When attorney's fees are factored in, the actual
6  damages amount approaches the $2.9 million at issue in *Eitel*, where the Ninth Circuit held that
7  the district court did not abuse its discretion in denying a motion for default judgment.  *Eitel*, 782
8  F.2d at 1472.  But in *Eitel*, unlike here, the parties disputed material facts in the pleadings.  Here,
9  the defendants have been missing and silent.  Consequently, the requested amounts alone will not
10 derail this motion.

**III.  PLAINTIFF'S REQUESTED RELIEF**

    **A.  Actual Damages**

Under the Copyright Act, an infringer is liable either for the plaintiff's "actual damages and any additional profits of the infringer," or statutory damages.  17 U.S.C. § 504(a). Here, FormFactor elects to seek recovery of Mr. Prober's profits.  Dkt. No. 91 at 6.  FormFactor says it is entitled to Mr. Prober's gross revenue from sales of the Electroglas prober machines because defendants have not established any off-sets, and because these machines "cannot function without the copyrighted software, and thus the [] probers have no non-infringing mode of use."  *Id.*  Mr. Prober's total gross sales, insofar as FormFactor is aware, amount to $1,670,510. Dkt. No. 91-1; Dkt. No. 91-2.  These sales primarily involve coordination between Mr. Prober and MPT to refurbish and export the probers from the United States.  Dkt. No. 91 at 7-9.  FormFactor argues that Mr. Prober and Mr. Huang are jointly liable for the acts of MPT under either a direct infringement theory, or under a contributory or vicarious liability theory.  *Id.* at 4-5.

FormFactor has adequately supported actual damages for default judgment.  The Court is, however, concerned about the sizable amount in issue.  If defendants properly open default in the future, a possibility as to which the Court expresses no views here, FormFactor may be challenged on these amounts to ensure they are just and proper.  For now, the proof is acceptable and the

4

1  Court awards the claimed actual damages.  The statutory alternative will not be considered in light
2  of that.

### B.    Costs, Attorneys' Fees, and Post-Judgment Interest

FormFactor also seeks attorneys' fees and costs, and post-judgment interest. FormFactor does not specify the amount it seeks in attorney's fees and costs, but indicates that it will supply a declaration as to these amounts after the Court enters an order allowing their recovery.  *Id.* at 11.  Plaintiff will be permitted to recover these fees and costs if they are reasonable.  17 U.S.C. § 505.  Plaintiff must support any assertions of such costs with proper evidence detailing, for example, the number of hours worked and the justification behind the attorneys' billing rates.

The Court grants plaintiff's request for post-judgment interest.  28 U.S.C. § 1961.

### C.    Permanent Injunction

In addition to damages, FormFactor asks for an injunction to enjoin defendants and those in concert with them from infringing FormFactor's copyrights.  The Copyright Act allows a district court to grant injunctions "on such terms as it may deem reasonable to prevent or restrain infringement of a copyright."  17 U.S.C. § 502(a).

Here, FormFactor has alleged that Mr. Prober and Mr. Huang have willfully infringed several of its copyrights.  The failure of these defendants to appear in this action indicates that they are unlikely to stop their infringing activities.  In fact, plaintiff claims that Mr. Prober continues to advertise the Electroglas probers on its website and on YouTube.  Dkt. No. 91 at 13.  In these circumstances, the Court will issue an injunction that applies also to the entities alleged to be acting in concert with Mr. Prober:  Global SemiFab Solutions, LLC, Linear Technologies Corporation (and its subsidiaries), and WIN Semiconductor Corporation.  The injunction is:

> Defendants and their agents, servants, employees, and all persons acting under their permission and authority, as well as any entities acting in concert with defendants, are enjoined from engaging in any further sale, refurbishment, importation or exportation into or out of the United States of any device or storage medium having stored therein or thereupon a copy of the following copyrighted software: EG Commander (TXu 1-795-303), EG Commander (TXu 1-795-205), and EG 2001X (TXu 1-859-721).

### D. Transfer of Domain Name

Plaintiff requests that the Court issue "an order directing the United States-based registrar of [the Mr. Prober] URL to transfer it to FormFactor," in order to stop defendants' infringement. *Id.* at 15. Plaintiff argues that such a transfer is appropriate because it would assist in mending FormFactor's relationship with prospective customers. *Id.*

FormFactor cites *Craigslist, Inc. v. Meyer*, No. C 09-4739 SI, 2011 WL 1884555 (N.D. Cal. May 18, 2011), in support, on the basis that the court in that case ordered the transfer of several domain names. But *Craigslist* is distinguishable from this case in that at least one of the domain names at issue in *Craigslist* constituted a trademark violation in and of itself, and the websites were more integral to the defendant's infringement. Moreover, the Court believes the substantial damages award and injunctive relief ordered here are more than enough to protect FormFactor going forward. The request to transfer Mr. Prober's domain name is denied.

### CONCLUSION

The motion for default judgment against Mr. Prober and Mr. Huang is granted for actual damages in the sum of $1,670,510 from defendants. FormFactor may file a request for reasonable attorney's fees and costs within 14 days of this order, and FormFactor is responsible for serving this injunction on defendants.

**IT IS SO ORDERED.**

Dated: April 23, 2015

James Donato
United States District Judge